```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


CARL CHIARETTO,                     )
        Plaintiff,                  )
                                    )
        v.                          )   C.A. No. 07-12294-MLW
                                    )
STARWOOD HOTELS & RESORTS           )
WORLDWIDE, INC.,                    )
        Defendant.                  )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                          March 30, 2010

In this case, plaintiff Carl Chiaretto alleges a state law age discrimination claim against defendant Starwood Hotels & Resorts, Worldwide, Inc. ("Starwood").[1] The claim, brought under Mass. Gen. L. c.151B, arises out of Starwood's termination of Chiaretto from a bartending position, which followed a workplace incident on November 10, 2005. On July 14, 2009, Magistrate Judge Leo Sorokin issued the attached 14-page Report and Recommendation (the "Report"). For reasons that he discusses in detail, the Magistrate Judge recommends allowing Starwood's motion for summary judgment, brought pursuant to Federal Rule of Civil Procedure 56.

In summary, the Magistrate Judge concluded that summary

---

[1] This court has jurisdiction over the claim based upon diversity, pursuant to 28 U.S.C. §1332, because Chiaretto is a citizen of Massachusetts, and Starwood is a Maryland corporation with a principal place of business in New York. See Notice of Removal at 1-2.

1

judgment is appropriate because there is no evidence that the decisionmakers concerning Chiaretto's termination, General Manager Michael Jorgensen and Director of Human Resources Kenia Franco, were motivated by any age bias when they terminated Chiaretto. Report at 12. While Chiaretto argued that Donna Filippetti, formerly his direct supervisor, harbored age-based animus towards him and influenced the termination process, the Magistrate Judge concluded that no evidence connected Filippetti's alleged bias to Chiaretto's termination. Rather, the Report states that the factual record shows that the decisionmakers' conclusions-that Chiaretto had been insubordinate and behaved improperly toward a co-worker-were based on information obtained independent of Filippetti. See Report at 11-12. Accordingly, the Magistrate Judge found no grounds upon which Chiaretto could prevail under the burden-shifting framework applicable to age discrimination claims. See Report at 11-12; Knight v. Avon Products, Inc., 438 Mass. 413, 420-27 (2003) (adopting framework from McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)).

Chiaretto filed objections to the Report. The court has considered de novo the matters as to which objections were made. See 28 U.S.C. §636(b)(1)(C); Fed. R. Civ. P. 72. The Magistrate Judge applied the correct legal standards. His Report is thorough, thoughtful, and persuasive. It is, therefore, being adopted.

More specifically, the court agrees that Starwood's motion for

summary judgment is meritorious. See Report at 14.  The court finds that Chiaretto's objections are based on "unsupported speculation," and that he has not presented "enough competent evidence to enable a finding favorable" to him. Forestier Fradera v. Municipality of Mayaguez, 440 F.3d 17, 21 (1st Cir. 2006) (explaining that summary judgement is appropriate in discrimination cases when the plaintiff fails to establish a trial-worthy issue) (internal quotation marks and citation omitted).

Chiaretto objects to the Magistrate Judge's finding that there would have been an investigation into the November 10, 2005 incident even if Filippetti had not contacted Franco. Objection at 1.  Chiaretto argues that no investigation would have occurred absent Filippetti's influence because she was the one who reported Chiaretto's misconduct to Franco.  However, the record shows that Kilian and Loic Vince, the Director of Food and Beverage, also brought the issue to Franco's attention.  While Chiaretto speculates that Vince "ostensibly" heard about the incident from Filippetti, nothing in the record supports this inference. Objection at 1.  Accordingly, this objection is without merit.

In addition, Chiaretto challenges the severity of the discipline imposed on him for his misconduct on November 10, 2005. He states that his inappropriate conduct towards his co-worker was "relatively trivial" and that his failure to comply with his supervisor's order "for a few seconds" is insufficient to justify

3

Franco's conclusion that he was insubordinate. Objection at 1-2. However, even if the court were to agree that Starwood's decision to terminate Chiaretto was disproportionate to the seriousness of his misconduct, the court's "task is not to evaluate the soundness of [the defendant's] decision making, but to ensure it does not mask discriminatory animus." Sullivan v. Liberty Mutual Ins. Co., 444 Mass. 34, 56 (Mass. 2005) (citing Mesnick v. Gen. Elec. Co., 950 F.2d 816, 825 (1st Cir. 1991), cert. denied, 504 U.S. 985 (1992) ("Courts may not sit as super personnel departments, assessing the merits-or even the rationality-of employers nondiscriminatory business decisions.")). Therefore, this objection too is without merit.

Chiaretto also argues that his lengthy disciplinary record, which was a factor in the decision to terminate him, was the product of Filippetti's alleged bias against him. He argues that in the absence of this biased record he would not have been terminated based on the events of November 10, 2005. While the Magistrate Judge stated that, drawing all inferences in favor of Chiaretto, a reasonable fact-finder could conclude that Filippetti had been involved in all but one of the reports in Chiaretto's disciplinary record, there is no evidence demonstrating that those reports were motivated by any age-based animus. Report at 8, 12. In fact, as the Magistrate Judge found, the only evidence presented of Filippetti's alleged age-bias are three stray remarks she made,

4

which are unconnected to the events on Chiaretto's disciplinary record or his 2005 termination. Id. at 12-13. Ultimately, as the Magistrate Judge recognized, "isolated or ambiguous remarks [] tending to suggest animus based on age are insufficient, standing alone, to prove an employer's discriminatory intent." Fontaine v. Ebtec Corp, 415 Mass. 309, 314 n.7 (1993); Tardanico v. Aetna Life & Cas. Co., 41 Mass. App. Ct. 443, 450 (1996) (quoting Fontaine, 415 Mass. at 314 n.7).

Chiaretto, however, contends that there is more evidence of Filippetti's bias than those remarks. On this point, he objects to the Magistrate Judge's finding that, in 1998, Frank Caliguire, then the hotel's General Manager, told Gwen Butler, then the bar's manager, that he wanted Chiaretto out of the bar because Caliguire sought to attract a younger crowd. Chiaretto asserts that this comment was actually made in 2000 or 2001, making it closer in time to his termination and, therefore, meaningful evidence of Filippetti's discriminatory animus. To that end, Chiaretto speculates that Caliguire made similar comments to Filippetti, leading her to discriminate against Chiaretto.[2]  However,

---

[2] At three points Chiaretto tries to bridge the evidentiary gap between Caliguire's statements and Filippetti with unsupported conjecture:

(1) "Ostensibly Caliguire made similar comments to Filippetti, as she began harassing plaintiff with no reasonable basis." Objection at 2 (emphasis added).

"Caliguire's statement to Butler, presumably repeated to

Chiaretto's attempts to connect Caliguire's statements to Filippetti's state of mind are conjecture that is not based on any evidence. Therefore, they are insufficient to prove Filippetti's bias or to connect Caliguire's bias to Chiaretto's termination. See Forestier, 440 F.3d at 21. Accordingly, whatever the date of Calguire's comment, there is no evidence that it is related to Starwood's November, 2005 decision to terminate Chiaretto.

Finally, Chiaretto argues that Franco's conclusion that Chiaretto engaged in inappropriate conduct towards a co-worker was biased by Filippetti because she brought the matter to Franco's attention. However, the Magistrate Judge's recommendation would remain persuasive even if the record supported Chiaretto's speculation that Caliguire's comments influenced Filippetti to harbor age-based bias, and that Filippetti alone was responsible for instigating the November, 2005 investigation, because Franco's investigation and the independent conclusion that she and Jorgensen reached severed any causal connection between Filippetti's alleged bias and Chiaretto's termination. See Thompson v. Coca-Cola Co., 522 F.3d 168, 178 (1st Cir. 2008) (citing Mole v. Univ. of Mass., 442 Mass. 582, 598 (2004)).

More specifically, Chiaretto does not dispute that Franco

---

Filippetti . . ." Id. at 3 (emphasis added).

"Presumably, Filippetti was acting towards plaintiff to carry out the policy of Caliguire, ostensibly told to her in 2001. . ." Id. (emphasis added).

conducted a multi-day investigation of the November 10, 2005 incident, including two interviews with him, interviews with the other staff-members working that evening, and consideration of letters written by Chiaretto about the incident. It is also not disputed that Franco and Jorgensen's ultimate decision to terminate Chiaretto was based on this thorough investigation and their independent conclusion that, among other things, Chiaretto had been insubordinate and engaged in inappropriate conduct towards a co-worker. This investigation and the decisionmakers' independent conclusion defeats Chiaretto's claim that Filippetti's alleged bias contributed to his termination. See Thompson, 522 F.3d at 178; Mole, 442 Mass. at 598. As a matter of law, "[w]here a neutral decisionmaker takes independent action against an employee, that person's 'independent decision to take adverse action breaks the causal connection between [a] supervisor's retaliatory or discriminatory animus and the adverse action.'" Zades v. Lowe's Home Centers, Inc., 446 F. Supp. 2d 29, 39 (D. Mass. 2006) (quoting Mole, 442 Mass. at 598).

    The record in this case contains no indication that Franco or Jorgensen harbored discriminatory animus against Chiaretto or that their decision to terminate him depended on Filippetti's evaluation of the November 10, 2005 incident. Accordingly, even viewing the record in the light most favorable to Chiaretto, there is no basis to find that the decision to terminate him was caused by age-based

bias.

In view of the foregoing, the court hereby adopts and incorporates in this Memorandum and Order the attached Magistrate Judge Report and Recommendation.  For the reasons discussed in this Memorandum and more fully in the Report, Starwood's Motion for Summary Judgment (Docket No. 10) is hereby ALLOWED.


                                        /s/ Mark L. Wolf
                                        UNITED STATES DISTRICT JUDGE